## UNITED STATES DISTRICT COURT
### District of Alaska

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>TONYA MARIE MCALLISTER | **2nd AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(For Revocation of Probation or Supervised Release)<br>For Offenses Committed On or After November 1, 1987<br>(Original Judgment filed <u>11-18-2005</u>)<br>Case Number: <u>F05-0029-CR (TWH)</u><br><u>LANCE C. WELLS</u><br>Defendant's Attorney |

Defendant's probation officer filed a petition on _____ accusing defendant of <u>1</u> violation of the conditions of Probation provided in the original judgment. Defendant <u>Admitted Allegation 1 of the Petition to Revoke Probation</u>. All necessary hearings have been conducted. The court finds that the following violations are proved:

| Accusation # | Condition # | Nature of Violation | Date | Grade |
|---|---|---|---|---|
| 1 | Special | Failure to comply with treatment | 12/09/2005 | C |

The court concludes that the conditions of supervision set forth in the court's original judgment are subject to revocation pursuant to 18 U.S.C. § 3583(e); and defendant is now sentenced as provided in pages 2 through <u>3</u> of this amended judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, as amended.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

<u>MARCH 31, 2006</u>
Date of Disposition Hearing

**REDACTED SIGNATURE**
Signature of Judicial Officer

<u>TERRANCE W. HALL, U.S. MAGISTRATE JUDGE</u>
Name & Title of Judicial Officer

31 March 2006
Date

AO245.REV

Defendant: TONYA MARIE MCALLISTER          2ND Amended Judgment--Page _2_ of _3_
Case No.:  F05-0029-CR (TWH)

## IMPRISONMENT ON REVOCATION OF SUPERVISED RELEASE/PROBATION

Defendant's probation having been revoked, the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of CREDIT FOR TIME SERVED .

Defendant is placed on Supervised Release for a period of One Year.

[_] The court makes the following recommendations to the Bureau of Prisons:

[_] The defendant is remanded to the custody of the United States Marshal.

[_] The defendant shall surrender to the United States Marshal for this district,
   [_] at _____ a.m./p.m. on _____.
[_] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
   [_] before 2 p.m. on _____.
   [_] as notified by the United States Marshal.
   [_] as notified by the probation office.

**RETURN**

I have executed this judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this judgment.

                                             United States Marshal

                                             By _____
                                                Deputy Marshal

AO245.REV

Defendant: TONYA MARIE MCALLISTER         2ND Amended Judgment--Page 3 of 3
Case No.: F05-0029-CR (TWH)

**SUPERVISED RELEASE**

Defendant is placed on Supervised Release for a period of One Year with the following conditions, in addition to the thirteen (13) standard conditions of supervision:

1. The defendant shall reside in a community correctional center for a term not to exceed 90 day consecutive days. While at the community correctional center the defendant shall comply with the rules of the center, and may be released to participate in substance abuse treatment programs as directed by the probation officer, or a work release program as administered by the center. Residency at the community correctional center may be terminated prior to 90 days, as determined by the probation officer, or this court, if the defendant demonstrates compliance with treatment and obtains housing that is conducive to sobriety.
2. The defendant will enter into a Naltrexone treatment program and will abide by the components of the program.
3. The defendant shall participate in an outpatient substance abuse treatment program approved by the probation officer which programs shall include testing to determine if the defendant has reverted to the use of drugs or alcohol.
4. The defendant shall submit to a maximum of twelve (12) drug tests per month, as directed by the probation officer.
5. The defendant shall submit to a warrantless search of person, residence, vehicle, office, place of employment and/or business at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation.
6. The defendant shall refrain from the use of any alcohol and shall not purchase, possess, or consume any alcohol and shall not frequent places where alcohol is the primary item for sale, such as bars and liquor stores.
7. Upon the defendants release, from the community correctional center, either on a long term basis or temporarily, not associate with, nor be in the presence of anybody on probation, nor anybody who has ever been on felony probation. Defendant to actively seek and maintain employment when defendant is released at a time and a place that defendant can do that.
**8. Defendant is not to be in the presence of anybody who is on active felony or misdemeanor probation.
**9. Defendant is to be on home confinement with electronic monitoring. Defendant to pay for the cost of electronic monitoring. Probation officer has the authority to modify at their discretion if the defendant is in compliance.
**10. Defendant to report to the probation office every day by telephone. Probation officer has the authority to modify at their discretion if the defendant is in compliance.


Except as hereinabove provided, the standard conditions of supervision and any special conditions of supervision contained in the court's original judgment shall remain in effect.

AO245.REV